# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRAVIS R. BERRY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case number 4:03cv0256 TCM |
| LARRY ROWLEY, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

Travis Berry ("Petitioner"), a Missouri prisoner serving a twenty-year sentence, petitions this Court[1] for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Background

After cocaine was found in a car driven by Petitioner, he was charged with possession of a controlled substance with intent to distribute and with being a prior and persistent drug offender. (Resp. Ex. 2 at 3.) The week before trial, Petitioner filed a motion to suppress the cocaine and any testimony relating thereto on the grounds that the cocaine was seized in violation of the Fourth Amendment. (Id. at 5-6.) Among other things, the initial traffic stop was illegal and unconstitutional because it was not based on a reasonable suspicion that criminal activity was afoot. (Id. at 5.) The anonymous tip leading to the stop did not

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

constitute reasonable suspicion because it (a) was vague, (b) did not demonstrate a special familiarity with Petitioner's affairs, and (c) was not corroborated.  (Id.)

Before his bench trial[2] began, Petitioner's motion to suppress was heard.  (Resp. Ex. 2 at 2-67.)  The State presented the testimony of four witnesses.  Their testimony was summarized by the state appellate court as follows:

> At 11:21 a.m. on September 20, 1999, Franca Ancell, a dispatcher with the Audrain County Sheriff's Department, received an anonymous telephone call from a woman.  The caller stated that [Petitioner] left Mexico, Missouri around 10:00 a.m. and was en route to Kansas City to pick up a large quantity of cocaine.  According to the caller, [Petitioner] was due in Kansas City about 12:00 or 12:30, and would return to Mexico before dark.  The caller also stated that [Petitioner] would be driving a white Cadillac with "fancy" wheels and a "temp tag" in the left rear window.  Ms. Ancell recorded and logged the call, then placed a note of the call in Deputy Wes Ancell's box.
>
> At 1:00 p.m. on September 20, 1999, Ms. Ancell received another anonymous call.  Ms. Ancell testified that the caller was the same person that had called earlier in the day.  The caller stated that she had been mistaken about the date, and that all information given earlier would be for the next day.  The information was then given to Deputy Ancell.
>
> Deputy Ancell drove by [Petitioner's] residence at approximately 10:00 a.m. on September 21, 1999.  Deputy Ancell did not see a vehicle parked at [Petitioner's] residence.  Around noon on September 21, Audrain County Sheriff's Department Dispatcher Lena Rose received an anonymous phone call from a woman.  The caller stated she had called the Sheriff's Department the day before with information concerning [Petitioner].  The caller further stated that [Petitioner] would be returning to Mexico around 3:00 or 4:00 p.m. that afternoon, and that he would be driving a white Cadillac.  Ms. Rose then informed Deputy Ancell of the phone call.
>
> At 3:00 p.m. on September 21, 1999, Deputy Ancell, Audrain County Sheriff's Deputy Dan Johnson and Missouri State Highway Patrol Trooper Phil

---

[2]Petitioner waived his right to a jury trial.  (Resp. Ex. 1 at 75.)

Davis set up surveillance of northbound vehicles on Highway 54, just south of Mexico. Deputy Ancell stated this location was used because it was the most likely route [Petitioner] would take from Kansas City to Mexico. At 4:22 p.m. Deputy Ancell observed a vehicle that matched the caller's description of [Petitioner's] vehicle. Deputy Ancell testified that he recognized [Petitioner] as the driver because he had previous drug intelligence that [Petitioner] was involved in the sale of drugs and [Petitioner] had prior arrests and convictions for selling drugs. [Petitioner] was the driver and Stacy Owens was a passenger in the vehicle.

Deputy Ancell initiated a traffic stop on the vehicle based on the anonymous tip. Deputy Ancell explained to [Petitioner] that he was stopped because he was suspected of having cocaine based on information received from an anonymous tip. [Petitioner] denied having any drugs and informed Deputy Ancell he was welcome to search the car. [Petitioner] and Mr. Owens both told Deputy Ancell that Mr. Owens was in [Petitioner's] car because Mr. Owens's car had broken down and [Petitioner] agreed to drive him to Mexico. Petitioner, however, claimed he came across Mr. Owens by accident on the highway, while Mr. Owens claimed he called and asked [Petitioner] to pick him up.

[Petitioner] told Deputy Ancell that he owned the car, then gave the officers both verbal and written consent to search the car. Deputy Johnson testified that [Petitioner] was very calm when Deputy Ancell inspected the driver's compartment of the vehicle, but paid close attention when Deputy Ancell searched the trunk. Deputy Ancell noticed that most of the mounting screws were missing from one of the speakers in the trunk. Deputy Ancell then removed the remaining screws and found four individual bags of what appeared to be cocaine in the speaker box. Deputy Johnson testified that [Petitioner] uttered a profanity when he saw Deputy Ancell remove the bags from the speaker box. Deputy Ancell also seized a total of $279.99 from [Petitioner's] pocket. Tests revealed the bags contained a total of 124.3 grams of cocaine. Paperwork in the car showed that [Petitioner] had recently purchased the car. [Petitioner] claimed he had bought the speakers from someone in Centralia.

**State v. Berry**, 54 S.W.3d 668, 671-72 (Mo. Ct. App. 2001) (alteration added) (footnote omitted).

- 3 -

After also hearing the arguments of counsel, the court overruled Petitioner's motion. (Resp. Ex. 1 at 68-74.) The parties stipulated to the testimony heard in the motion hearing. (Id. at 75.) The State introduced additional testimony by a forensic chemist that the substance seized from Petitioner's car was 124.3 grams of cocaine. (Id. at 79-88.) The court found Petitioner guilty and six weeks later sentenced him as a prior and persistent drug offender to a twenty-year term of imprisonment. (Id. at 95, 109.)

Petitioner appealed on two grounds. (Resp. Ex. 3 at 13, 15.) He argued that the trial court had erred in (1) overruling his motion to suppress because the officers lacked a reasonable suspicion to stop and search his car in that there was no corroboration and no valid consent and, (2) finding him guilty because there was insufficient evidence that the cocaine in the speakers was his. (Id.) The appellate court found both arguments lacked merit. **Berry**, 54 S.W.3d at 675-77 (Draper, J., dissenting).

Petitioner then filed a motion for post-conviction relief on the grounds that the anonymous tip was not sufficiently corroborated to support the traffic stop. (Pet'n at 4.) This motion was denied, but Petitioner did not appeal. (Id.)

Petitioner now seeks federal habeas relief on the grounds that the search and seizure violated his Fourth Amendment rights because (1) the anonymous tips were insufficient to justify an investigatory traffic stop and (2) the anonymous tips were insufficiently corroborated. For the reasons set forth below, the Court finds these grounds unavailing.

## Discussion

Petitioner's two habeas claims challenge the search of his car and seizure of the cocaine on Fourth Amendment grounds. It is well established, however, that "[a] Fourth Amendment claim of an unconstitutional search or seizure is not cognizable in a habeas corpus action unless the state has not 'provided an opportunity for full and fair' litigation of the claim." **Sweet v. Delo**, 125 F.3d 1144, 1149 (8th Cir. 1997) (quoting Stone v. Powell, 428 U.S. 465, 494 (1976)) (alteration added). Accordingly, a federal court is "not empowered to examine whether the Missouri courts made errors of law in deciding the Fourth Amendment issues argued by [a habeas petitioner]." **Id.** (alteration added). A federal court is empowered to review a petitioner's Fourth Amendment claim "'(a) if the state had provided no *corrective procedures at all* to redress the alleged [F]ourth [A]mendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an *unconscionable breakdown in the underlying process*.'" **Willett v. Lockhart**, 37 F.3d 1265, 1271 (8th Cir. 1994) (quoting Capellan v. Riley, 975 F.2d 67, 71 (2d Cir. 1992)) (alterations added). Accord **Palmer v. Clarke**, 408 F.3d 423, 437 (8th Cir. 2005). "A determination of whether there has been a breakdown in the state's procedure does not require a probing review of the state court record, either of the factual findings pertaining to the petitioner's search-and-seizure claims or of the application of the Fourth Amendment principles to those facts." **Willett**, 37 F.3d at 1272. Thus, "[t]he federal courts on habeas review of [Fourth Amendment] claims are not to consider whether full and fair litigation of the claims *in fact* occurred in the state courts,

- 5 -

but only whether the state provided an opportunity for such litigation." **Id.** at 1273 (alterations added).

In the instant case, Petitioner did *in fact* litigate his Fourth Amendment claims in an evidentiary hearing held on his motion to suppress and in his direct criminal appeal. He does not now contend, nor could he establish if he did so, that did the corrective process established by Missouri and employed by Petitioner broke down. See **Schneider v. Delo**, 890 F. Supp. 791, (E.D. Mo. 1995) (finding Missouri prisoner's Fourth Amendment claims argued in motion to suppress, motion for new trial, and in direct criminal appeal barred from federal habeas review under Stone).

Accordingly, Petitioner's Fourth Amendment claims are not cognizable in this § 2254 proceeding.

**IT IS HEREBY ORDERED** that petitioner Travis R. Berry's 28 U.S.C. § 2254 petition is **DENIED** without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of February, 2006.